D'Ablemont v D'Ablemont (2021 NY Slip Op 04905)





D'Ablemont v D'Ablemont


2021 NY Slip Op 04905


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-10722
 (Index No. 9358/03)

[*1]Whitney D'Ablemont, appellant, 
v
Christopher D'Ablemont, respondent.


Law Offices of Alayne Katz, P.C. (Hasapidis Law Offices, South Salem, NY [Annette G. Hasapidis], of counsel), for appellant.
The Kitson Law Firm, PLLC, White Plains, NY (Dina S. Kaplan of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated July 13, 2005, the plaintiff appeals from an order of the Supreme Court, Westchester County (Josephine Trovini, Ct. Atty. Ref.), dated June 22, 2018. The order granted the defendant's motion for leave to reargue that branch of his prior motion which was for an award of attorney's fees, which had been granted in an order of the same court (Janet C. Malone, J.) dated December 21, 2017, to the extent of awarding him attorney's fees in the sum of $5,000 and, upon reargument, in effect, vacated that portion of the order dated December 21, 2017, and thereupon, granted that branch of the prior motion to the extent of awarding him attorney's fees in the sum of $79,446.54.
ORDERED that the order dated June 22, 2018, is modified, on the law, by deleting the provision thereof, upon reargument, granting that branch of the defendant's prior motion which was for an award of attorney's fees to the extent of awarding him attorney's fees in the sum of $79,446.54, and substituting therefor a provision, upon reargument, granting that branch of the defendant's prior motion which was for an award of attorney's fees to the extent of awarding him attorney's fees in the sum of $12,952.50; as so modified, the order dated June 22, 2018, is affirmed, without costs or disbursements.
The plaintiff and the defendant were divorced by judgment of divorce in 2005. In accordance with a stipulation of settlement, the parties shared joint custody of their child, with the plaintiff having residential custody. The stipulation of settlement provided that if either party was "successful" in enforcing their rights under the stipulation, or in defending their position regarding their obligations under the stipulation, they would be entitled to reasonable attorney's fees. In 2013, the parties entered into an agreement to modify certain provisions of the stipulation of settlement (hereinafter the modification agreement), pursuant to which the plaintiff was permitted to relocate to Florida with the child. The modification agreement required the plaintiff to provide the defendant with an apartment in Florida to facilitate his parental access with the child and required the plaintiff to reimburse certain of the defendant's travel expenses. With regard to these obligations, the modification agreement specifically provided: "The [plaintiff] intends to rent an apartment at 9201 Collins Avenue, Surfside, FL 33154 to fulfill this obligation. In the event an apartment at this location is not available, then one of similar value will be provided. The [plaintiff] shall be [*2]responsible for paying the Florida Apartment rent, reasonable furnishings, reasonable utilities (excluding telephone), ordinary maintenance, and any common-area charges. The [plaintiff] shall rent the Florida Apartment and the [defendant] shall be entitled to sole and exclusive use and occupancy thereof until the Child's Emancipation. Should the [plaintiff] determine that the Florida Apartment has become undesirable, whether due to the location, safety, noise, repeated maintenance issues, issues involving around the Child having unsupervised access to the apartment while in High School, unreasonable rent inflation, or the [plaintiff's] decision to purchase a property on behalf of the Child, a new apartment will [be] provided with no interruption to the [defendant's] access schedule."
In 2016, the defendant moved for an award in the sum of $83,423 plus attorney's fees. In an affidavit in support, the defendant averred that, in February 2015, he was forced to move out of the apartment rented for him because the building owner sold the unit. The defendant thereafter purchased an apartment in his own name in Miami. The defendant sought and received reimbursements for the new apartment, for the purposes of paying the mortgage, common charges, and utilities through July 31, 2015. Beginning in August 2015, the defendant received no further reimbursements for the costs of his apartment. Additionally, the defendant sought reimbursement for the costs of the child's summer camp, which the plaintiff was required to pay under the express terms of the modification agreement. The defendant sought, inter alia, an award of attorney's fees in the sum of $12,952.50 for representation by the law firm of Maniatis & Dimopoulos, P.C. (hereainfter M & D), in connection with the instant motion, plus an award of attorney's fees attributable to representation by The Kitson Law Firm, PLLC (hereinafter Kitson), for work performed for him prior to his retention of M & D.
In an order dated December 21, 2017 (hereinafter the 2017 order), the Supreme Court granted that branch of the defendant's motion which was for reimbursement of summer camp, travel, and living expenses. With respect to travel and living expenses, the court directed the plaintiff to reimburse the defendant the sum of $750 per roundtrip for travel expenses plus $3,600 per month for living expenses from August 2015 "until his parental access in Florida ceases, their daughter's emancipation, or another apartment is secured for Defendant by Plaintiff." The court awarded the defendant attorney's fees in the sum of $5,000 for representation by M & D, finding that he had only partially prevailed on his motion. The court denied all attorney's fees requested for representation by Kitson, finding that those fees were unrelated to the instant motion.
The defendant moved for leave to reargue that branch of his prior motion which was for an award of attorney's fees. In an order dated June 22, 2018, the Supreme Court granted leave to reargue, and upon reargument, inter alia, granted that branch of the prior motion to the extent of awarding him attorney's fees in the sum of $79,446.54, representing fees incurred for representation by both M & D and Kitson. The plaintiff appeals.
"A motion for leave to reargue . . . shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "A motion for leave to reargue . . . is addressed to the sound discretion of the Supreme Court" (Kugler v Kugler, 174 AD3d 876, 877 [internal quotation marks omitted]).
Here, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in granting leave to reargue, as the 2017 order overlooked the fact that the defendant had prevailed on all of the substantive relief he was seeking in the underlying motion (see Kugler v Kugler, 174 AD3d at 877). Accordingly, under the terms of the stipulation of settlement, as the "successful" party, the defendant was entitled to an award of reasonable attorney's fees. However, the defendant only established his entitlement to an award of $12,952.50 for representation by M & D. The defendant failed to establish that his success on the underlying motion was attributable to the work performed by Kitson. Further, any new fees or costs sought by the defendant for the first time upon reargument should have been disallowed (see CPLR 2221[e][3]; Kugler v Kugler, 174 AD3d at 877). Accordingly, upon reargument, the court should have increased the defendant's award of attorney's fees only to the sum of $12,952.50.
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or academic.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court